UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 99 CR 397-7 |
| TERRELL AGEE, | ) | Judge John W. Darrah |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant Terrell Agee[1] filed a Motion for a Sentencing Reduction pursuant to 18 U.S.C. § 3582(c)(2) and §§ 1B1.10 and 2D1.1 of the U.S. Sentencing Guidelines, arguing that a retroactive amendment to the Sentencing Guidelines reduces his base offense level and should therefore reduce his term of imprisonment. Based on the analysis below, Defendant's Motion for a Reduction in Sentence [844] is denied.

**BACKGROUND**

In November 1999, Defendant was charged in a crack cocaine conspiracy in the Northern District of Illinois. On August 22, 2000, Defendant pled guilty to conspiracy to distribute crack cocaine. On April 5, 2004, Judge Wayne Andersen sentenced Defendant to a term of 292 months' imprisonment. (Gov't's Resp. at 2.) Defendant's base offense level was determined to be 38, as he was responsible for more than 1,500 grams of crack cocaine. (*Id*.) Defendant's base level was increased two levels for possession of a

---

[1] Defendant was originally sentenced by Judge Andersen; following his retirement, the Executive Committee reassigned this case to Judge Darrah.

1

firearm but then reduced two levels for accepting responsibility, resulting in Defendant's total combined offense level of 38. (*Id*.) This offense level, in conjunction with Defendant's Criminal History Category III, resulted in a Guidelines range of 292 to 365 months' imprisonment. Defendant was further subject to a 120 months' mandatory minimum sentence.

After his initial sentencing, on June 5, 2008, pursuant to the ruling in *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005) (*Paladino*), the Court reduced Defendant's sentence to 204 months' imprisonment, while finding that Defendant "was responsible for more than 4.5 kilograms of crack cocaine . . . the highest offense level for crack cocaine under the Guidelines" at that time. (Gov't's Resp. at 2.) Since this reduction, the U.S. Sentencing Commission lowered the base offense level for crack cocaine offenses, and the changes apply retroactively. *See* U.S.S.G. Appendix C, Amendment 750.

**LEGAL STANDARD**

The Fair Sentencing Act of 2010 (the "Act") minimized the disparity between the sentencing for cocaine-related offenses and crack-related offenses. Pub. L. No. 111–220, 124 Stat. 2372 (2010). In particular, the Act reduced statutory penalties for crack offenses and included directives, requiring the Sentencing Commission to amend the Guidelines. *Id.* at 2372–75. Amendment 748 to the Sentencing Guidelines went into effect on November 1, 2010. This amended the Drug Quantity Table in § 2D1.1 of the Sentencing Guidelines. *See* U.S.S.G., App. C, Vol. III at 374–81. On June 30, 2011, the Sentencing Commission voted to give Amendment 748 retroactive effect, designating

this change as Amendment 750 in Appendix C of the Sentencing Guidelines.  *See* 76 Fed.Reg. 41332–35 (July 13, 2011).  Amendment 750 went into effect on November 1, 2011.  *Id.* at 41332.

Defendant seeks a reduction in sentence pursuant to 18 U.S.C. § 3582(c), which provides:

> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Amendment 750 retroactively alters the base offense levels applicable to crack offenses under § 2D1.1 of the Sentencing Guidelines.

In *Dillon v. United States*, the Supreme Court set forth a two-part approach to determine the applicability of the retroactive guideline amendment.  To determine if a defendant is eligible for a reduction, the court must first determine if the amended Guidelines range would have been applicable had the amendment been in effect at the time of the defendant's initial sentencing.  *Dillon v. United States*, 130 S. Ct. 2683, 2691 (2010) (*Dillon*).  If the court finds the defendant is eligible for a reduction, the court must then consider "any applicable § 3553(a) factors and determine whether, in its discretion, the reduction . . . is warranted."  *Id.* at 2692.

## ANALYSIS

Defendant now seeks an additional reduction in his sentence, pursuant to the Amended Guidelines. However, under the Amended Guidelines, his amended Sentencing Guidelines range, based on an adjusted offense level of 36 and his criminal history category of III results in an adjusted range of 235 to 293 months' imprisonment. (Gov't's Resp. at 6.) Because Defendant is presently serving a term of 204 months' imprisonment (a term lower than the amended range), Amendment 750 does not apply, and Defendant cannot receive an additional reduction in his sentence. A court cannot reduce a defendant's sentence to "a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). Because Defendant has previously received the benefit of a significant reduction, he cannot receive a further reduction of his term of imprisonment, below the Amended Guidelines range.

Defendant puts forth no legal basis to support his assertion that, despite the fact that he received a reduction below his Amended Sentencing Guidelines range, he is still entitled to an additional reduction in his sentence. The Supreme Court in *Dillon* held that the defendant would be eligible to receive a sentence below the newly determined range only if the original term of imprisonment imposed on the defendant was below the Guidelines range. 130 S. Ct. at 2691-92. Judge Andersen originally sentenced Defendant to 292 months' imprisonment, the lower end of the original Guidelines range then applicable to Defendant. This original sentence was then reduced to 204 months' imprisonment, after the Seventh Circuit's limited remand in the *Paladino* opinion. Defendant's motion for a reduction in sentence would require Judge Andersen's second, post-*Paladino*, below-Guidelines sentence to be construed as the "originally imposed

term." This is contrary to the plain meaning of that term, and Defendant provides no authority for his contrary interpretation. Thus, Defendant is not entitled to an additional reduction to his term of imprisonment. His Motion for a Reduction of Sentence [844] is denied.

## CONCLUSION

Based on the foregoing analysis, Defendant's Motion for a Reduction in Sentence is denied without prejudice.

Date: October 31, 2012

JOHN W. DARRAH

United States District Court Judge